IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOBBY LEE ROBERTSON**                                                                     **PLAINTIFF**
**ADC #121746**

v.                                       No. 4:22-cv-00645-LPR-JTK

**BARBEE SMITH, et al.**                                                                 **DEFENDANTS**

## ORDER

The Court has received a Partial Recommended Disposition (PRD) from United States Magistrate Judge Jerome T. Kearney and the Plaintiff's Objections.[1] After a *de novo* review of the PRD, along with careful consideration of the Objections and the case record, the Court hereby adopts the PRD's recommendation to dismiss Plaintiff's claims against Defendant Smith for lack of service.[2]

Plaintiff argues that he cannot possibly provide an updated address for service on Defendant Smith due to Plaintiff's status as an inmate.[3] Relying on non-binding, out-of-circuit case decisions, he contends that it is the duty of the United States Marshal to determine Defendant Smith's current address and to perfect service.[4] The Court is not persuaded. This is not a case in which the United States Marshal or court staff failed to fulfill their obligations in effectuating service. As Plaintiff is no doubt well-aware, the Court unsuccessfully attempted service both

---

[1] Docs. 42, 43, & 44.

[2] The Court does not agree with the PRD that Plaintiff failed to respond to the Court's March 31, 2023 Order. On April 13, 2023 (i.e., within 30 days of the March 31, 2023 Order), Plaintiff did file a response to that Order—though the filing is styled on the docket as Plaintiff's Objections to the December 9, 2022 PRD screening his Complaint. *See* Pl.'s Objections to March 31 Order (Doc. 38). The Court therefore declines to dismiss Plaintiff's claims against Defendant Smith for failure to prosecute.

[3] Pl.'s Objections to March 31 Order (Doc. 38) at 3.

[4] *Id.* at 2–3.

through the ADC Compliance Office and at Defendant Smith's last known address.[5]  It is well-established that an IFP plaintiff must provide the Court a valid address to obtain proper service.[6]  Plaintiff's failure to do so here justifies dismissal.

Accordingly, Plaintiff's claims against Defendant Barbee Smith are DISMISSED without prejudice for lack of service.  Defendant Smith is DISMISSED as a party to this action.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 29th day of January 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *See* Docs. 20, 23, 27, 35, 36, 42, & 70.  As explained on page 2 of the PRD, when service at the ADC Compliance Office was returned as unsuccessful, the Court obtained the new address that ADC had on file for Defendant Smith.

[6] *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam).  Given the current state of the case law in the Eighth Circuit, the Court and the Marshals have fulfilled their obligation to try and serve the Defendant.  To the extent that other circuits may require more, it does not appear that the Eighth Circuit currently agrees with them.  *Compare Armontrout*, 991 F.2d at 489, *with Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010).  While the Eighth Circuit has made clear that Marshals must retrieve the available forwarding information for former prison employees, *see Beyer v. Pulaski County Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (unpublished) (per curiam), it does not appear that further effort is required.