IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOBBY LEE ROBERTSON                                                                    PLAINTIFF
ADC #121746

v.                                              4:22CV00645-LPR-JTK

BARBEE SMITH, et al.                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Bobby Lee Robertson ("Plaintiff") was incarcerated at the Tucker Maximum Security Unit of the Arkansas Division of Correction ("ADC") at the time he filed this lawsuit. (Doc. No. 2). Plaintiff sued multiple ADC officials alleging violations of his constitutional rights and state-law. (Doc. No. 14). Only Plaintiff's retaliation claims against Sergeant Donna Davis remain pending. (Doc. Nos. 18, 37, 42, 52, 72, 73, 94, 112).

On July 31, 2024, Plaintiff filed a notice of change of address. (Doc. No. 117). Based on the address given, Plaintiff had been released from custody. (Id.).

On August 8, 2024, the Court directed Plaintiff to update his financial information so the Court could determine if he continued to qualify for in forma pauperis status after his release. (Doc. No. 118).  The Court told Plaintiff to file his updated information within 30 days. (Id.).  The Court advised Plaintiff of his responsibility under Local Rule 5.5(c)(2) to respond within 30 days, and warned Plaintiff that if he did not respond, his Complaint, as amended, could be dismissed without prejudice. (Id. at 1).  Plaintiff did not respond to the Court's August 8, 2024 Order, and the mail from the Court was not returned as undeliverable.

On September 25, 2024, the Court directed Plaintiff to show cause why his lawsuit should be dismissed without prejudice for failure to prosecute. (Doc. No. 121).  The Court directed Plaintiff to respond within 15 days, or by October 10, 2024. (Id.)  The Court advised Plaintiff of his responsibility under Local Rule 5.5(c)(2) and warned Plaintiff that if he did not respond, this action could be dismissed. (Id. at 1).  Plaintiff did not respond to the Court's September 25, 2024 Order, and the mail from the Court was not returned as undeliverable.

Rule 5.5(c)(2) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

LOCAL RULE 5.5(c)(2).

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal.  Rule 41(b) reads:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

2

subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

Because the Court's mail to Plaintiff is not being returned as undeliverable, it appears Plaintiff is receiving the Court's Orders. Yet Plaintiff failed to respond to this Court's August 8, 2024 and September 25, 2024 Orders—despite the Court's warning that Plaintiff's failure to respond could result in the dismissal of this case. Accordingly, the Court recommends that Plaintiff's Complaint, as amended, be dismissed for Plaintiff's failure to prosecute this action.

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint, as amended, be DISMISSED without prejudice for failure to prosecute;

2. Plaintiff's Motion for Summary Judgment (Doc. No. 99) be DENIED as moot; and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Order and the related Judgment would not be taken in good faith.

Dated this 17th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE